**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Frank M. Peck,<br><br>    Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>    Respondents | Case No.: 2:17-cv-01620-JAD-VCF<br><br>**Screening Petition and Denying Motions**<br><br>[ECF Nos. 9, 10, 11] |

Pro se petitioner Frank M. Peck is an inmate at the High Desert State Prison (HDSP) serving a 5-years-to-life sentence after he was convicted of sexual assault in violation of NRS 200.366.[1] He petitions for a writ of habeas corpus under 28 U.S.C. § 2254, and I now screen that petition under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and address his pending motions.

## Discussion

**A.    I grant Peck leave to amend his petition.**

There are several issues with Peck's petition that make it difficult—if not impossible—to determine what his claims are, so I give him leave to amend his petition so he can better present the bases of his habeas petition. First, Peck filed his petition in two documents—the petition and a supporting memorandum of points and authorities.[2] No statute, rule, or order of this court authorizes Peck to file both a petition and a supporting memorandum. Having claims contained in two documents leads only to confusion about what Peck's claims really are. The amended petition should include all claims.

Second, Peck needs to reorganize his claims in clear and concise grounds for relief because his current petition is a recitation of facts with little to no indication of what any claim is. For example, ground 1 contains allegations about possible defects in the DNA tests that were

---
[1] ECF No. 1-1 at 2.

[2] ECF Nos. 1-1, 6.

1

used as evidence against him at trial, but it's unclear whether Peck is claiming that the jury should have believed his presentation of those defects, that the prosecution's witness committed perjury while testifying about the tests, or that Peck was denied the opportunity to present evidence of the alleged defects. As another example, ground 5 is a stream-of-consciousness list of facts with no obvious relation to each other, and, despite Peck's label that he was denied his right to a fair trial (a label that he attaches to many of his other grounds for relief), it is entirely unclear what claim for relief those seemingly unrelated facts lend themselves to. Although pro se petitions are to be liberally construed,[3] the two-document petition (a combined 126 pages) with sweeping allegations gives no guidance in that endeavor. So, I give Peck leave to amend to consolidate his claims into a single, amended petition, and to organize his claims in a clear and concise manner.

**B.     Peck's injunctive-relief motions are denied as premature.**

Peck has also filed motions for a temporary restraining order, for a preliminary injunction, and to supplement these two injunctive-relief motions.[4] But awarding injunctive relief requires the court to consider the moving party's chance of success on the merits of his underlying claims.[5] Plus, "a motion for injunctive relief must relate to the allegations of the complaint. If there is no relation, it is not an injunctive relief situation. A party seeking preliminary injunctive relief 'must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.'"[6]

Because I cannot at this point discern what Peck's claims are, I cannot determine whether his injunctive-relief requests relate to those claims. So, I deny all three motions without

---

[3] *See Bernhardt v. L.A. Cnty.*, 339 F.3d 920, 925 (9th Cir. 2003) (acknowledging that courts must construe pro-se motions and pleadings liberally).

[4] ECF Nos. 9, 10, 11.

[5] *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *Beardslee v. Woodford*, 395 F.3d 1064, 1067 (9th Cir. 2005) (citation omitted).

[6] *Muhammad v. Director of Corr.*, 2009 WL 161075, at *1 (E.D. Cal. Jan. 22, 2009) (quoting *Devose v. Herrington*, 42 F.3d 470, 471 (8th Cir. 1994)). *See generally Penn v. San Juan Hosp., Inc.*, 528 F.2d 1181, 1185 (10th Cir. 1975).

2

prejudice to Peck's ability to renew them after he has filed an amended petition.  Peck is cautioned that, if he decides to refile his injunctive-relief requests, he needs to explain how the relief he desires relates to his habeas claims.  He is further cautioned that requests for injunctive relief regarding conditions of confinement can typically not be entertained on habeas; rather, they must be raised in a civil-rights lawsuit under 42 U.S.C. § 1983.[7]

**Conclusion**

Accordingly, IT IS HEREBY ORDERED that Peck's petition for a writ of habeas corpus is **[ECF No. 1-1] is DENIED** with leave to amend.  **Peck has until July 2, 2018, to file an amended petition that includes all of his claims in a clear, concise manner**.  If he fails to do so by this court-ordered deadline, **this case will be CLOSED without further prior notice**.

IT IS FURTHER ORDERED that Peck's motions for injunctive relief and to supplement those motions **[ECF Nos. 9, 10, 11] are DENIED** without prejudice to his ability to refile them after he files an amended petition.

Dated: May 1, 2018

_____
U.S. District Judge Jennifer A. Dorsey

---

[7] *See, e.g.*, *Badea v. Cox*, 931 f.2d 573, 574 (9th Cir. 1991).