# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Frank M. Peck,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

Case No.: 2:17-cv-01620-JAD-VCF

**Order Denying Motion to Disqualify and Emergency Motion**

[ECF Nos. 22, 30, 31]

Pro se petitioner Frank Peck brings this habeas corpus petition under 28 U.S.C. § 2254 challenging his 2009 Nevada judgment of conviction for sexual assault.[1] With a handful of motions pending—including one to disqualify me from deciding this case[2]—Peck has filed an emergency motion for a temporary restraining order and preliminary injunction to address problems he claims he is having with his legal mail.[3] I deny the motion to disqualify because Peck has not identified a legitimate basis for recusal, and I deny his injunctive-relief requests because he seeks civil-rights-type relief that is not available in this habeas action.

## Discussion

**A.  Peck has not demonstrated a valid basis for recusal.**

Peck argues that I should be disqualified from presiding over his case under 28 U.S.C. § 455(a) because of sundry alleged judicial actions and omissions on my part that he alleges are contrary to "doctrine and law" and thus "can only be interpreted . . . as impartiality, bias and or prejudice against" him.[4] Judicial actions and rulings alone almost never constitute a valid basis

---

[1] *See* No. 2:05-cv-01158-RLH-PAL, ECF No. 75, at 1-2.
[2] ECF No. 22.
[3] ECF Nos. 30, 31.
[4] ECF No. 22, at 3–4.

for a bias or partiality motion.[5] "Almost invariably, they are proper grounds for appeal [from a final and appealable order], not for recusal."[6] Nothing referenced in the motion would lead to my impartiality reasonably being questioned; and no situation is presented that would prompt me, in the exercise of my discretion under § 455(a), to recuse myself in this matter. The actions and omissions that Peck complains of simply do not present any viable basis for recusal. So, I deny the motion for disqualification.[7]

**B.  Peck cannot get the civil-rights injunctive relief he seeks in this habeas case.**

In his latest motion,[8] Peck seeks temporary and preliminary injunctive relief restraining state correctional officials from rejecting or disposing of his incoming mail on the basis that items marked legal documents must come from a legal representative. Peck alleges that: (a) a copy of a scientific report by the National Academy of Sciences was returned to sender; (b) he previously had been receiving similar mailings for years; (c) correctional officers started returning such mail and disposing of other mail in retaliation for his filing of grievances and a civil-rights action; (d) the documents constitute key exhibits in support of his claims in this case that are not available in the prison law library; (e) he "is still trying to prepair [sic] for any potential counterarguments the Government may pose in opposition;" and (f) without the rejected scientific reports he "will suffer irreparable harm to this case."[9]

---

[5] *E.g.*, *Liteky v. United States,* 510 U.S. 540, 555 (1994); *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010).

[6] *Liteky*, 510 U.S. at 555.

[7] ECF No. 22.

[8] Because the motion seeks two types of relief: a preliminary injunction and a restraining order, it was docketed as two separate motions. *See* ECF Nos. 30, 31.

[9] ECF No. 30, at 2–4.

This motion reflects at least the second time that Peck has sought to litigate conditions-of-confinement issues in this habeas action.[10] Only claims that necessarily demonstrate the invalidity of the inmate's confinement or its duration fall within habeas jurisdiction; all other claims must be brought instead in a civil-rights action.[11] In this emergency motion, Peck claims that prison officials are improperly restricting his incoming mail in retaliation for his exercise of his First Amendment right to pursue grievances and judicial relief and thus impairing his right of access to the courts. This is a civil-rights claim that must be addressed in a civil-rights action, not this habeas action.

I understand that Peck alleges that the prison's actions are preventing him from accessing materials for use in this habeas action. But the fact that the injury from the alleged civil-rights violation allegedly is being sustained in a habeas action does not convert a civil-rights claim into a habeas one. Because the claim itself does not necessarily demonstrate the invalidity of Peck's confinement or its duration, Peck must pursue the instant arguments instead in a civil-rights action, and he must comply with all applicable procedural requirements for bringing such a claim.

Even if this were the right case in which to seek such relief, Peck presents no emergency warranting the issuance of an order for temporary or preliminary injunctive relief. Peck is not currently under any deadline or obligation to respond in this matter. The underlying original reports are not being eradicated from existence by correctional officials such that Peck never would be able to secure and present copies of the reports in this action in the future should he successfully challenge the prison's handling of his incoming mail in a civil-rights action. All

---

[10] *See* ECF No. 14.

[11] *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016).

3

that Peck alleges in the motions in this action is that the prison mailroom returned copies of a report or reports that were sent to him to the sender and disposed of some other mailings. If, at some point in the future, Peck maintains that he cannot respond by a deadline because he allegedly cannot obtain necessary materials, I will address that contention and whether to extend any such deadline at that time. In the meantime, however, I am not going to adjudicate a prison civil-rights dispute over proper prison-mailroom procedures within this habeas action. So, Peck's emergency request for a temporary restraining order and preliminary injunction are denied.[12]

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Peck's motion to disqualify **[ECF No. 22]** and his emergency motion for a temporary restraining order and for a preliminary injunction **[ECF Nos. 30 and 31]** are **DENIED**.

I will address Peck's other pending motions in this case as promptly as my habeas docket permits.

Dated: February 14, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[12] Peck filed somewhat similar motions in a civil-rights action that he has pending in Case No. 2:08-cv-00237-APG-VCF (ECF Nos. 44 and 45). This order is not intended to express an opinion whether such relief is available in that case. Nor do I decide whether Peck has satisfied the administrative-exhaustion requirement for this particular civil-rights claim. By this ruling, I hold only that Peck is not entitled in this habeas case to the injunctive relief he seeks.

4