# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Frank M. Peck,

    Petitioner

v.

Brian Williams, et al.,

    Respondents

Case No. 2:17-cv-01620-JAD-VCF

**Order Resolving Pro Se Motions and Directing Notice of Appearance**

[ECF Nos. 38–41, 44 & 48]

    Pro se petitioner Frank Peck brings this habeas corpus petition under 28 U.S.C. § 2254 challenging his 2009 Nevada judgment of conviction for sexual assault.[1] A prolific motion filer, Peck has personally filed five motions in just the last two months. By this order, I resolve all of the motions filed by Peck in proper person after I ordered the appointment of counsel, direct counsel to file a notice of appearance, and direct the Clerk of Court to designate Peck as a restricted filer for further papers submitted in proper person.

## Discussion

    By an order entered on March 21, 2019, I found that the interests of justice are served by appointing counsel for Peck in light of (1) Peck's allegations that a condition in his hand caused pain when writing and requires accommodations under the Americans with Disabilities Act (ADA) such as allowance of a typewriter or word processor; and (2) the possibility that Peck might need to conduct discovery.[2] In multiple filings since then—starting only days later—Peck has made it clear that he does not want counsel, any counsel, to represent him. He maintains that his experiences with attorneys in state-court proceedings prior to this action "have caused 'emense [sic] distrust of Attys [sic]" in Mr. Peck."[3] He urges that the appointment of counsel in this federal habeas matter violates his alleged Sixth Amendment right to proceed pro se.

---

[1] *See, e.g.*, ECF No. 1-1 at 1–2 & 37–38.

[2] ECF No. 35.

1

Peck further maintains, in opposing the appointment of counsel, that:

> Mr. Peck motion[ed] this Court for an ADA accommodation . . . for multiple reasons. <u>Firstly</u>, due to the pain caused by [an] object left in Mr Pecks [sic] hand and <u>secondly</u> to analyze video of DNA testing and raw data and algorithm data that will take likely 100's of hours to fully analyze that can not be done in the law library in 1-2 hour increments with encessant [sic] distractions. This technology is highly technical and requires specialized understandings and takes focused concentration. The technology also requires special software to even open the data disks. Mr. Peck was not afforded the opportunity to subject the evidence to the crucible of cross examination at trial and must be afforded the opportunity now.[4]

Peck has also alleged that he was having difficulty obtaining specialized scientific reports because of prison mailroom policies.[5]

Peck is in prison. And he is a party, not an expert witness. I do not have the authority in this action to compel the prison to make substantial changes in the conditions of his confinement to allow him to utilize "highly technical" technology to attempt to act essentially as an expert witness in his own case. Nor would I do so in the exercise of discretion. To the extent, if any, that expert analysis of evidence is required in this matter, Peck lacks the qualifications, the experience, and the capability to conduct such analysis as an expert. Nor does he have, nor will he have, ready access to resources to conduct such an expert analysis from inside prison. So, I continue to conclude that the decision to appoint counsel for Peck was the right one.[6]

What Peck misunderstands is that he has no Sixth Amendment right to represent himself in this case because the right to self representation does not carry over to habeas proceedings.[7]

---

[3] *See, e.g.*, ECF No. 40 at 4.

[4] ECF No. 40 at 2.

[5] *See* ECF No. 32.

[6] I express no opinion whether expert review or testimony will be necessary or warranted in this matter. The salient point is that Peck's reliance on the need for such analysis argues for, not against, appointment of counsel. I will not order the prison to provide him what he requests.

[7] *See Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152 (2000); *accord Lipsey v. Secretary of CDCR*, 2017 WL 10544290, at *8 (C.D. Cal., Dec. 14, 2017); *Lisle*

Instead, Rule 6(a) of the Rules Governing Section 2254 Cases (the "Habeas Rules"), instructs that the district court must appoint counsel "[i]f necessary for effective discovery." And under Habeas Rule 8, a district court further must appoint counsel if an evidentiary hearing is warranted. While I make no ruling at this time about whether discovery or an evidentiary hearing ultimately will be warranted, sound case management and the efficient administration of justice militate in favor of appointing counsel earlier rather than later in a case where either is possible.[8]

Plus, Peck's recent flurry of filings in this case—including his notice that he "will file suit against anyone who appears in this case"[9]—on the heels of my order appointing counsel reflects only peckish opposition to any appointment whatsoever, not a deficiency or other legitimate issue with the specific counsel appointed. I thus continue to exercise my discretion to appoint counsel notwithstanding Peck's opposition to the appointment.

Finally, as I told Peck previously, he may no longer file documents on his own in a pro se capacity.[10] He has made it very clear that he will continue to try to do so. I therefore will direct the Clerk of Court to designate Peck as a restricted filer in this action in proper person and to not accept any further papers submitted in proper person by Peck, other than papers seeking to appeal this order.[11]

---

v. Baker, 2016 WL 4411495, at *2, No. 2:03-cv-01005-JCM-CWH, ECF No. 192, at 3 (D. Nev., Aug. 16, 2016); *Fletcher v. Beard*, 2016 WL 2866431, at *3–*4 (E.D. Pa., May 16, 2016).

[8] Peck requests an evidentiary hearing. *E.g.,* ECF No. 36, at 1. His financial materials filed recently in another action confirm that he is financially unable to obtain adequate representation for purposes of 18 U.S.C. § 3006A(a). *See* No. 2:18-cv-00237-APG-VCF, ECF No. 1. So I find no need for an evidentiary hearing.

[9] ECF No. 46 at 1 (emphasis in original).

[10] ECF No. 35 at 2.

[11] I express no opinion about the extent to which this order is reviewable by appeal or otherwise, which is a matter exclusively within the province of the Court of Appeals.

**IT IS THEREFORE ORDERED** that:

- Peck's proper person motions objecting to the appointment of counsel **[ECF Nos. 38, 40] are DENIED**;
- Peck's motion for leave to file a second amended petition **[ECF No. 48] is GRANTED**, and the Clerk is directed to **FILE the pleading [ECF No. 48-1]**; and
- Peck's remaining proper person motions **[ECF Nos. 39, 41] are DENIED** without prejudice to counsel's ability to seek relief as warranted. Petitioner at all times remains responsible for timely asserting claims.

IT IS FURTHER ORDERED that **the Clerk of Court is directed to designate Peck—in proper person only—as a RESTRICTED FILER in this action only** and **RETURN AS UNFILED all future papers that Peck in proper person presents for filing** in this case, except for a notice of appeal from this order and/or a copy of a petition for a writ of mandamus filed in the Ninth Circuit seeking review of this order. Nothing in this order is intended to restrict the filing of papers by Peck's appointed or provisionally appointed counsel.

IT IS FURTHER ORDERED that provisionally-appointed counsel's motion for an extension of time **[ECF No. 44] is GRANTED** nunc pro tunc; **counsel has until June 5, 2019, to file a notice of appearance**.[12] Counsel should proceed forward without regard to any further filings or attempted filings by Peck in proper person, including an appeal or mandamus petition with respect to this order, unless a stay is entered by the Court of Appeals. I otherwise am not inclined to stay either the appointment or these proceedings pending any such appeal or petition. Absent a contrary order by the Court of Appeals, counsel should proceed forward as directed by my extant orders, subject to a counseled request for extension, without regard to Peck's actions or attempted actions in proper person notwithstanding those orders.

---

[12] The Federal Public Defender's office has advised "that its conflict check is complete and the office does not appear to have a conflict in Mr. Peck's case at this time." ECF No. 47 at 2.

**The Clerk of Court is directed to SEND** Peck in proper person a copy of this order and a copy of the docket sheet and of all now-current filings from ECF No. 36 on.

_____
U.S. District Judge Jennifer A. Dorsey
Dated: May 29, 2019