# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Frank M. Peck,<br><br>    Petitioner<br><br>v.<br><br>Brian Williams, et al.,<br><br>    Respondents | Case No. 2:17-cv-01620-JAD-VCF<br><br>**Order Denying Court-Appointed Counsel's Motions to Withdraw and to Stay Case**<br><br>[ECF Nos. 59, 61] |

Nevada prisoner Frank Peck brings this habeas corpus petition under 28 U.S.C. § 2254 to challenge his 2009 Nevada judgment of conviction for sexual assault. When Peck complained that he was experiencing pain and difficulty when handwriting his filings in this case and asked for special exceptions to the prison's rules so that he could electronically generate his legal documents, the court took a closer look at his allegations, determined that appointing counsel for Peck would be a more efficient way to aid Peck and serve the interests of justice, and appointed the Federal Public Defender to represent him.[1] Peck vehemently objected to this solution[2] and notified the court that he would "file suit against <u>anyone</u> who appears in this case" without his "express, written authorization."[3] When counsel appeared as the court directed, Peck sued counsel and the undersigned judge, among others.[4] He claims in that lawsuit that the court, the Federal Public Defender, and the Assistant Federal Public Defender recently assigned to this

---

[1] ECF No. 35.

[2] ECF No. 38.

[3] ECF No. 46.

[4] *Peck v. Dorsey et al.*, 2:19-cv-01023-SAB. That case is being handled by an out-of-jurisdiction judge.

habeas case colluded with the investigators and crime lab involved in his 2009 state-court prosecution in a "symbiotic venture" to keep Peck from exposing the falsity of the evidence on which he was convicted.[5] Peck also has repeatedly sought relief from this counsel appointment from the United States Court of Appeals for the Ninth Circuit; all such requests have been denied or dismissed.[6] Court-appointed counsel now moves to withdraw as counsel because Peck refuses to work with her and because his act of suing her has created a conflict of interest. Because I maintain that her appointment remains legally warranted and serves the interests of justice in this case, I deny the motion.

## Analysis

### A. No true conflict of interest exists.

I first dispose of the notion that Peck, by filing his lawsuit, created a conflict of interest. "A defendant who files a lawsuit against his attorney does not necessarily create such a conflict"[7] because the law does not allow a party to manufacture a conflict and use it as a basis to remove a lawyer or judge from his case.[8] "A patently frivolous lawsuit brought by a defendant

---

[5] *Id.*; ECF No. 37.

[6] *See, e.g.,* ECF Nos. 68 (dismissing appeal for lack of jurisdiction), 70 (order denying mandamus relief).

[7] *Carter v. Armontrout*, 929 F.2d 1294, 1300 (8th Cir. 1991).

[8] Peck has also filed a notice of conflict in which he suggests that his lawsuit has created a conflict for the undersigned judge that disqualifies her from this case. ECF No. 67. But a litigant cannot, "by filing specious pleadings" against the judge on his case, cause the judge to recuse. *See, e.g.*, *Ely Valley Mines, Inc. v. Lee*, 385 F.2d 188, 191 (9th Cir. 1967), *superseded on other grounds, In re Mortgages Ltd.*, 771 F.3d 623 (9th Cir. 2014). Were that the case, litigants could game the system until they were assigned their desired jurist. *See United States v. Studley*, 783 F.2d 934, 940 (9th Cir. 1986) ("A judge is not disqualified by a litigant's suit or threatened suit against [her], or by a litigant's intemperate and scurrilous attacks." (citations and quotations omitted)); *Ronwin v. State Bar of Ariz.*, 686 F.2d 692, 701 (9th Cir. 1981), *rev'd on other grounds sub nom. Hoover v. Ronwin*, 466 U.S. 558 (1984) ("[a] judge is not disqualified merely because a litigant sues or threatens to sue [her]. Such an easy method for obtaining disqualification should not be encouraged or allowed." (citations and quotations omitted)).

2

against his or her counsel may not, alone, constitute cause" to remove counsel.[9] Indeed, "such a rule would be undesirable and unworkable, because it would in effect give a defendant the ability to veto the trial court's appointment of counsel."[10] If an actual conflict exists, a lawyer should of course be permitted to withdraw, but a petitioner "is not entitled to game the system by manufacturing a false conflict because he does not like his lawyer" or the idea of having the court appoint one without his request.[11] As the Appellate Court of Illinois explained in *People v. Hardeman*, "[i]nherent in a trial judge's authority to conduct and preside over" a case "is the discretion to conclude that a defendant's conduct or pursuit of an otherwise legal right is frivolous and merely an attempt to frustrate the administration of justice. If the trial judge did not have such discretion, you would have an intolerable anomaly in that the defendant could whimsically control the progression of the proceedings over which the judge is presiding."[12]

Peck's lawsuit is just such an attempt to frustrate the administration of justice, and he has made no secret of it. Peck notified the court that he would sue any lawyer appointed to represent him, presumably with the goal of maintaining his self-represented status.[13] As promised, Peck filed his lawsuit right after this court denied his proper-person motions objecting to appointment

---

Peck's attempt to disqualify the undersigned judge by suing her for appointing counsel to assist him in this habeas proceeding is a blatant effort to frustrate the administration of justice. This jurist declines Peck's invitation to recuse.

[9] *Smith v. Lockhart*, 923 F.2d 1314, 1321 n.11 (8th Cir. 1991).

[10] *Everett v. Louisiana*, 2009 WL 1971370 at *8 (E.D. La. July 7, 2009).

[11] *Everett*, 2009 WL 1971370 at *8; *see also Jaramillo v. Artus*, 2014 WL 2986926 at *13 (N.D. N.Y. 2014) (in a habeas action under 28 U.S.C. § 2254, finding that the trial court did not "abuse[] its discretion by refusing to substitute counsel after [the defendant] filed a civil lawsuit against the Public Defender's Office" because the lawsuit was an "apparent attempt to create a conflict of interest"); *Smith*, 923 F.2d at 1321 n.11 ("Trial judges must be wary of defendants who employ complaints about counsel as dilatory tactics or for some other invidious motive.").

[12] *People v. Hardeman*, 560 N.E.2d 1198, 1203 (Ill. Ct. App. 1990).

[13] ECF No. 46.

of counsel.[14]  Appointed counsel did nothing and could have done nothing giving rise to a real conflict in that short interval.  Peck simply is trying to manufacture a conflict of interest to achieve his desired result.[15]  Under these circumstances, no true conflict of interest exists.

**B.      There is no right to self-representation in federal habeas proceedings.**

Peck avers that forcing him to have representation in this case interferes with his right to petition the government for redress.[16]  In her motion to withdraw, appointed counsel characterizes as "unclear" the right of a habeas petitioner to represent himself.[17]  I addressed this issue in my prior order and concluded that federal habeas petitioners like Peck have no right to self-representation.[18]  Appointed counsel argues that, while this rule may be clear for appeals, habeas corpus might be different because it is right guaranteed by the Constitution, not by statute.[19]

But the law dictates no different treatment here.  The Sixth Amendment governs the appointment of counsel only in criminal matters—and then only in trial-court proceedings.[20]  The United States Supreme Court's decision in *Martinez v. Court of Appeal of California* made

---

[14] I denied those motions on May 29, 2019.  *See* ECF No. 50.  Peck commenced *Peck v. Dorsey*, Case No. 2:19-cv-01023-SAB, two weeks later.

[15] *See Smith*, 923 F.3d at 1321 n.11.

[16] ECF No. 59 at 12.

[17] *Id*. at 4.

[18] ECF No. 50, at 2–3 & n.7 (citing, *inter alia*, *Martinez v. Court of Appeal of California, Fourth Appellate District*, 528 U.S. 152 (2000)).

[19] *See* U.S. Const., Art. I, § 9.

[20] *See Martinez*, 528 U.S. at 163.  Appointed counsel notes in a footnote her concerns that Peck has not demonstrated financial need in order to obtain counsel appointment.  ECF No. 59 at 4, n.15.  But in my prior order, I noted that Peck's financial materials filed recently in another action confirm that he is financially unable to obtain adequate representation for purposes of 18 U.S.C. § 3006A(a).  *See* ECF No. 50 at 3, n.8.

clear that the right to self-representation guaranteed by the Sixth Amendment extends only to those trial-court proceedings, and no further. Indeed, as I noted in my prior order, the Rules Governing Section 2254 Cases in United States District Courts ("the Habeas Rules") further support the conclusion that Peck does not have a right to self-representation.[21] Those rules require appointment of counsel "[i]f necessary for effective discovery" and when an evidentiary hearing is warranted.[22] In light of the complexities of Peck's habeas claims, I found—and continue to hold—that sound case management and the efficient administration of justice militate in favor of appointing counsel earlier rather than later in a case like this where either is possible.[23]

Appointed counsel also suggests that the cases I rely on to conclude that a non-capital habeas petitioner like Peck has no right to self-representation are capital cases, in which a financially eligible petitioner has a statutory right to appointment of counsel.[24] Although the three district-court capital cases she points to do mention the statutory right to appointment of counsel,[25] they distinguish that right from the right to self-representation. Relying on *Martinez*, they also categorically note that there is no right to self-representation in habeas corpus proceedings.[26] These cases reinforce my conclusion that the right of self-representation does not

---

[21] ECF No. 50, at 2–3.

[22] Habeas Rules 6(a) & 8.

[23] I continue to express no opinion whether discovery, expert review, or testimony will ultimately be warranted in this matter.

[24] *See* 18 U.S.C. § 3599(a)(2).

[25] *See* ECF No. 59 at 4, n.16.

[26] *See Lisle v. Baker*, 2016 WL 4411495 at *2 (D. Nev., Aug. 16, 2016) ("Lisle does not have a right to self-representation in this federal habeas corpus action."); *Fletcher v. Beard*, 2016 WL 2866431 at *3 (E.D. Penn., May 16, 2016) ("Although the federal statute guarantees Petitioner a right to counsel, it makes no mention of Petitioner's right to self-representation in habeas corpus proceedings. Moreover, the United States Constitution does not bestow upon Petitioner a right to

extend to habeas corpus petitions like Peck's. Instead, courts presiding over federal habeas petitions have the discretion to appoint counsel when justice so dictates.

The capital cases cited also mentioned one other factor for not allowing the petitioners to proceed *pro se*: They all were complex, as is expected of a capital case. But that does not mean that all non-capital cases are not complex. Peck's second amended petition is a good example of complexity. It is 50 pages long, but it is neither prolix nor patently frivolous.[27] Many of his claims involve DNA analysis, which itself is complicated and not within the judicial notice of the court. This complexity, particularly when combined with Peck's complaints that writing out his filings causes him pain, the length of his sentence, and the nature of his claims, reinforce my decision to exercise my discretion to appoint counsel here—even if Peck does not wish it. As the Supreme Court expressed in *Martinez*, "The requirement of representation by trained counsel implies no disrespect for the individual inasmuch as it tends to benefit the appellant as well as the court."[28]

I understand that Peck wants to represent himself but, under the circumstances, the interests of justice require the appointment of counsel. Peck thus has a choice. He can accept that he has been granted a resource that most habeas petitioners ask for but are denied, and he can start communicating with counsel and work with her to develop and present his claims. Or he can refuse to cooperate, in which case, counsel will develop and present his claims without his

---

self-representation. Therefore, it is entirely within the Court's discretion whether Petitioner should be allowed to remove counsel and proceed pro se in this habeas corpus matter.") (internal citations omitted); *Stankewitz v. Ayers*, 2007 WL 4522610 at *1 (E.D. Cal., Dec. 18, 2007) ("The right to self-representation does not extend to post-conviction proceedings, but remains within the discretion of the Court.").

[27] ECF No. 51.

[28] *Martinez*, 528 U.S. at 163.

input. Peck is cautioned that his obstinate refusal to cooperate with counsel will not be deemed a conflict of interest worthy of removing counsel.

**C.     Appointed counsel's motion to stay [ECF No. 61]**

In conjunction with her motion to withdraw, appointed counsel filed a motion to stay deadlines, including the obligation to file an amended petition on Peck's behalf by August 5, 2019.[29]  Obviously that deadline passed while the court worked to reach and resolve this motion to withdraw, so a new deadline needs to be set.  I also recognize that it will take some time for Peck to learn of my decision in this order, and counsel will need sufficient time to meet with Peck, if he cooperates, or prepare the third amended petition without his input if he doesn't.  So instead of granting the motion to stay, which has been mooted by this order, I deny it as moot and give appointed counsel until June 10, 2020, to file Peck's third amended petition.

**Conclusion**

IT THEREFORE IS ORDERED that the motion to withdraw as counsel **[ECF No. 59] is DENIED**.

IT FURTHER IS ORDERED that the motion to stay **[ECF No. 61] is DENIED as moot**.

IT FURTHER IS ORDERED that the Federal Public Defender is appointed as counsel for petitioner under 18 U.S.C. § 3006A(a)(2)(B).  Counsel will represent petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw.

IT FURTHER IS ORDERED that **appointed counsel has until June 10, 2020, to file an amended petition** and/or seek other appropriate relief on behalf of Peck.  Neither this deadline nor any extension thereof signifies or will signify any implied finding as to the expiration of the

---

[29] ECF No. 61.

federal limitation period and/or of a basis for tolling during the time period established. Petitioner always remains responsible for calculating the running of the federal limitation period and timely asserting claims without regard to any deadlines established or extensions granted herein. That is, by setting a deadline to amend the petition and/or by granting any extension thereof, the court makes no finding or representation that the petition, any amendments thereto, or any claims contained therein are not subject to dismissal as untimely.[30]

IT FURTHER IS ORDERED that respondents will have 60 days after service of an amended petition to file a response to it, including potentially a motion to dismiss; petitioner will then have 30 days **from service of the answer, motion to dismiss, or other response to file a reply or opposition.** Any other motions will be subject to the normal briefing schedule under the local rules. Any response to the petition must comport with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either in seriatum fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from the motion to dismiss will be subject to potential waiver.

2. Respondents must not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except under 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer, and (b) they

---

[30] *See Sossa v. Diaz*, 729 F.3d 1225, 1235 (9th Cir. 2013).

8

must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*.[31] In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, must instead be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court record materials, if any, regarding each claim within the response as to that claim; and

4. Notwithstanding Local Rule LR IC 2-2(g), paper copies of any electronically filed exhibits need not be provided to chambers or to the staff attorney unless later directed by the court.

Dated: February 11, 2020

_____
U.S. District Judge Jennifer A. Dorsey

---

[31] *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).