## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| Frank M. Peck, | Case No: 2:17-cv-01620-JAD-MDC |
| Petitioner | **Order Denying Motion to Withdraw as Attorney; Granting Motion for Extension of Time; and Denying Remaining Motions** |
| v. | |
| Terry Royal, et al., | [ECF Nos. 168; 169; 170; 171; 175; 178] |
| Respondents | |

In this closed habeas corpus proceeding brought under 28 U.S.C. § 2254, Petitioner Frank M. Peck's former appointed counsel has filed a motion to withdraw as counsel.[1] Peck filed *pro se* motions for recusal of judge;[2] to correct errors of law, fact and fraud under Fed. R. Civ. P. 60(b) ("Rule 60(b) motions");[3] and for enlargement of time to file a reply in support of the Rule 60(b) motions.[4] The respondents filed a response to Peck's Rule 60(b) motions.[5] For the reasons explained below, I deny as moot the motion to withdraw as counsel; grant Peck's *pro se* motion for enlargement of time; deny Peck's *pro se* motions for recusal; dismiss Peck's Rule 60(b) motions for lack of jurisdiction because they constitute second or successive petitions; refer his second or successive petitions to the Ninth Circuit Court of Appeals under Ninth Circuit Rule 22-3(a); and deny a certificate of appealability.

---

[1] ECF No. 171.

[2] ECF Nos. 168, 175.

[3] ECF Nos. 169, 170.

[4] ECF No. 178.

[5] ECF No. 176.

**Background**

In 2006, a grand jury indicted Peck for a 1994 sexual assault.[6]  A jury convicted Peck in 2009, and he was sentenced to life with the possibility of parole after five years, consecutive to his sentence in a 1996 case.[7]  Peck unsuccessfully sought review in state-court proceedings.[8]

In June 2017, Peck filed a *pro se* federal habeas petition.[9]  Appointed counsel filed a third amended petition.[10]  This court dismissed the petition in part, denied it on the merits in part, denied a certificate of appealability, and entered judgment.[11]

Peck timely appealed.[12]  With counsel's assistance, Peck sought a certificate of appealability from the Ninth Circuit Court of Appeals, arguing that reasonable jurists could debate whether my rulings denying Grounds 1-4 and 6 of the petition are correct.[13]  The Ninth Circuit denied the request, ruling that Peck "had not shown that 'jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"[14]  On Peck's behalf, counsel moved for an extension of time to allow Peck to file *pro se* motions asking the Ninth Circuit to reconsider the denial of a certificate of appealability.[15]

---

[6] ECF No. 105-7.

[7] ECF Nos. 107-32, 108-15.

[8] ECF Nos. 108-50, 115-20.

[9] ECF Nos. 1-1, 6.

[10] ECF No. 97.

[11] ECF Nos. 128, 160, 161.

[12] ECF Nos. 161, 164.

[13] *See Peck v. Royal, et al.*, No. 25-4018 at ECF No. 4.

[14] *Id*. at ECF No. 7.

[15] *Id*. at ECF Nos. 8, 10.

Peck's counsel also moved to withdraw as his counsel.[16]  The Ninth Circuit granted counsel's motion to withdraw, ruled that Peck "is proceeding without counsel," deemed Peck's *pro se* motion for reconsideration timely filed, and then denied it.[17]

Peck returned to this court with *pro se* motions for my recusal, motions under Federal Rule of Civil Procedure (FRCP) 60(b), and a motion for enlargement of time to file his reply brief in support of his Rule 60(b) motions.[18]  His prior counsel filed a motion to withdraw as attorney of record.[19]

**Discussion**

**A.      The motion to withdraw as counsel is moot.**

Peck's counsel Amelia L. Pizzaro, Esq. moves to withdraw, explaining that the conclusion of the Ninth Circuit case means that her representation is complete.[20]  Peck contends Pizzaro was already allowed to withdraw and that it is his understanding that he is now proceeding pro se.[21]  I find that Peck's counsel was already permitted to withdraw and that Peck is proceeding pro se.[22]  So I deny as moot counsel's motion to withdraw as counsel.[23]  Pizzaro's representation of Peck is terminated.

---

[16] *Id*. at ECF No. at 9.

[17] *Id*. at 11.

[18] ECF Nos. 168, 169, 170, 175, 178.

[19] ECF No. 171.

[20] *Id.* at 2.

[21] ECF No. 179 at 9.

[22] *See Peck v. Royal*, *et al.*, No. 25-4018, ECF No. 11.

[23] ECF No. 171.

**B.      The motion for recusal is untimely and without merit.**

Eight months after I entered judgment in and closed this case, Peck filed a motion for my recusal under 28 U.S.C. §§ 144, 455.[24]  The respondents filed no response to the motions and the time to do so expired, so Peck followed up with a request for a ruling on that recusal motion.[25] Peck supports his motion with an affidavit alleging four areas of bias.[26]

Motions for recusal are governed by 28 U.S.C. §§ 144 and 455.  While section 144 "provides a procedure for a party to recuse a judge," "[s]ection 455 imposes an affirmative duty upon judges to recuse themselves."[27]  A recusal motion must be filed "with reasonable promptness after the ground for such a motion is ascertained."[28]  If a party files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding."[29]

Under § 144 and § 455, recusal of a federal judge is appropriate if "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned."[30]  "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'"[31]  "[J]udicial rulings

---

[24] ECF No. 168.

[25] ECF No. 175.

[26] ECF No. 168.

[27] *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993).

[28] *Preston v. United States*, 923 F.2d 731, 733 (9th Cir. 1991).

[29] 28 U.S.C. § 144.

[30] *Yagman*, 987 F.2d at 626 (quoting *Matter of Yagman*, 796 F.2d 1165, 1179 (9th Cir. 1986) (applying 28 U.S.C. § 455)).

[31] *Clemens v. U.S. Dist. Ct. for Cent. Dist. of California*, 428 F.3d 1175, 1178 (9th Cir. 2005) (citation omitted).

alone almost never constitute a valid basis for a bias or impartiality motion" and "[a]lmost invariably, they are proper grounds for appeal, not recusal."[32]  "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."[33]

Peck contends I must recuse myself for bias and prejudice because an actual conflict exists due to a case he filed against me[34] in this district.[35]  That case was dismissed on February 27, 2020.[36]  Peck alleges that, "by all appearances," I personally issued the order dismissing the case against me.[37]  He cites the following passage from the order dismissing that case, as evidence to support his argument: "A judge will not be deprived of immunity because the action [she] took was in error."[38]  He claims the change of pronoun was "a female act," and Judge Stanley Bastian, whose signature is affixed to the order dismissing the case,[39] was unlikely to change the sexual connotation of "he" to "she."[40]  Peck also theorizes that, as a female, I hold unfair conscious and unconscious bias and preconceived notions about his habeas case because it

---

[32] *Liteky v. United States*, 510 U.S. 540, 555 (1994).

[33] *Id*.

[34] Case No. 2:19-cv-1023-SAB.

[35] ECF No. 168 at 2.

[36] *See* Case No. 2:19-cv-1023-SAB at ECF No. 41.

[37] ECF No. 168 at 2.

[38] *Id*.

[39] *See* Case No. 2:19-cv-1023-SAB at ECF No. 41.  Judge Bastian sits in the Eastern District of Washington.

[40] *Id*.

involves his conviction for sexual assault.[41]  And he claims that my unfavorable rulings show my bias.

This request for recusal is patently untimely.  Peck knew about the dismissal order in the case he filed against me for five full years before he filed the instant motion for recusal.[42]  It is also public knowledge that I am a female judge, and I have presided over his habeas case since 2017.[43]  And to the extent that he claims my rulings evidence my bias, he has known about those rulings since I closed this case in June 2025.  Thus, this motion was not made with reasonable promptness after the allegations were ascertained,[44] and it should be denied on that basis alone.

Peck's recusal theories are also without merit.  Peck's case against me was assigned to a judge far outside of this district.  And it is reasonable to conclude that Judge Bastian changed the connation from "he" to "she" because Peck's allegations were against me and I am a female judge.  Because no reasonable person with knowledge of all the facts would conclude my impartiality might reasonably be questioned based on the existence of or dismissal of that case, Peck's allegations are insufficient to warrant recusal.[45]

Nor does Peck present any basis to conclude that, because I am a woman, I am somehow biased against him or any petitioner convicted of sexual assault.  Peck's argument overlooks that not all sexual assault victims are female.  No reasonable person with knowledge of all the facts

---

[41] ECF No. 168 at 3.

[42] *See* Case No. 2:19-cv-1023-SAB at ECF No. 41.

[43] ECF No. 7.

[44] *See Preston*, 923 F.2d at 733.

[45] *See Yagman*, 987 F.2d at 626.

would conclude my impartiality might reasonably be questioned because I am a female, and his case involves sexual assault.[46]

The rest of Peck's recusal theories target my rulings. Peck alleges I am clearly biased and have not shown him any fairness whatsoever in this case because I intentionally ignored "flagrant prosecutorial misconduct," "ignored the fact that respondents totally failed to raise the affirmative defense of procedural default," and mischaracterized as human DNA the PCR (polymerase chain reaction-short tandem repeat (PCR-STR) method of testing DNA evidence used to argue Peck's DNA profile matched the DNA profile found inside the victim.[47] He suggests that my denial of a certificate of appealability also evidences a conflict or prejudice.[48]

Peck's disagreement with my rulings is no basis for recusal. As the United States Supreme Court explained in *Liteky v. United States*, "judicial rulings" are no basis for recusal.[49] "The alleged prejudice must result from an extrajudicial source; a judge's prior adverse ruling is not sufficient cause for recusal."[50] "Unfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis."[51] The proper vehicle for challenging legal rulings that a litigant perceives as error is an

---

[46] *See Yagman*, 987 F.2d at 626.

[47] ECF No. 168 at 2.

[48] *Id*. at 4.

[49] *Liteky v. United States*, 510 U.S. 540, 555 (1994); s*ee also Matter of Beverly Hills Bancorp,* 752 F.2d 1334, 1341 (9th Cir. 1984) (recognizing that "[u]nfavorable rulings alone are legally insufficient to require recusal, even when the number of such unfavorable rulings is extraordinarily high on a statistical basis") (citations omitted).

[50] *United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986).

[51] *Matter of Beverly Hills Bancorp*, 752 F.2d 1334, 1341 (9th Cir. 1984) (citing *Botts v. United States*, 413 F.2d 41, 44 (9th Cir. 1969)).

appeal, not disqualification.[52]   And Peck had the opportunity to air his grievances about my rulings in the Ninth Circuit, where he was afforded more than one opportunity to seek a certificate of appealability.[53]   So I deny Peck's motions seeking my recusal.

**C.      The motion for an enlargement of time to file a reply brief is granted.**

Peck filed a motion for enlargement of time (first request) to file his reply in support of his Rule 60(b) motions.[54]  I find the request is made in good faith and not solely for the purpose of delay, and therefore good cause exists to grant the motion.[55]  I thus consider timely Peck's *pro se* reply.[56]

**D.      Peck's motions under Fed. R. Civ. P. 60(b) are second or successive petitions, and the law requires this court to dismiss them.**

Peck's two motions to correct errors of law, errors of fact, and fraud, are brought under Fed. R. Civ. P. 60(b).[57]  The respondents filed an opposition, arguing that Peck fails to establish circumstances that justify relief (like fraud, extraordinary circumstances, or manifest injustice), and Peck reiterates arguments raised before this court in his third amended petition and reply.[58]  I deny these Rule 60(b) motions because they contain argument attacking my previous resolution

---

[52] *F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc.*, 244 F.3d 1128, 1145 (9th Cir. 2001) (noting that "[j]udges are known to make procedural and even substantive errors on occasion" and holding that perceived erroneous ruling "would be the basis for appeal, not recusal").

[53] *See Peck v. Royal, et al.*, No. 25-4018 at ECF Nos. 4, 7, 10, 11.

[54] ECF No. 178.

[55] Fed. R. Civ. P. 6(b); LR IA 6-1.

[56] ECF No. 179.

[57] ECF Nos. 169, 170.  These motions appear to be identical.  For brevity, I refer only to ECF No. 169.

[58] ECF No. 176 at 2–4.

of his claims on the merits and allege new grounds for relief, and he has not obtained a certificate from the Ninth Circuit authorizing the filing of a second or successive habeas petition.[59]

Under Federal Rule of Civil Procedure 60(b), a court generally may relieve a party from a final judgment or order for six reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.[60]  A motion under Rule 60(b) must "be made within a reasonable time" and "[a] movant seeking relief under Rule 60(b)(6) must show "'extraordinary circumstances' justifying the reopening of a final judgment."[61]

"Such circumstances will rarely occur in the habeas context,"[62] and Rule 60(b) applies to federal habeas proceedings "only to the extent that [it is] not inconsistent with applicable federal statutory provisions and rules" such as the AEDPA.[63]  "Habeas corpus petitions cannot 'utilize a

---

[59] *See Banister v. Davis*, 590 U.S. 504, 517–18 (2020) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005)).

[60] Fed. R. Civ. P. 60(b).

[61] *See Gonzalez*, 545 U.S. at 535 (quoting *Ackermann v. United States*, 340 U.S. 193, 199 (1950)).

[62] *Id.*

[63] *See Jones v. Ryan*, 733 F.3d 825, 833 (9th Cir. 2013) (internal brackets and ellipsis omitted) (quoting *Gonzalez*, 545 U.S. at 529).

9

Rule 60(b) motion to make an end-run around the requirements of AEDPA' or to otherwise circumvent that statute's restrictions on second or successive habeas corpus petitions."[64]

A Rule 60(b) motion is considered a second or successive petition when it advances a new ground for relief or "attacks the federal court's previous resolution of a claim on the merits."[65]  A Rule 60(b) motion does not constitute a successive habeas petition if the petitioner "merely asserts that a previous ruling which precluded a merits determination was in error."[66] "Before a second or successive application permitted by [] section [2244] is filed in the district court, the applicant [must] move in the appropriate court of appeals for an order authorizing the district court to consider the application,"[67]  and the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions.[68]

Because Peck's motion is brought under Rule 60(b) and challenges the denial of his habeas petition, I must first determine whether his motions are the equivalent of a second or

---

[64] *Id*. (citing *Calderon v. Thompson*, 523 U.S. 538, 547 (1998)) (internal quotation marks omitted).

[65] *See Banister*, 590 U.S. at 517–18 (citing *Gonzalez*, 545 U.S. at 532). *See also Rivers v. Guerrero*, 605 U.S. 443, 451 (2025) (stating that "a self-styled 'motion' that 'seeks to add a new ground for relief' or 'attacks the federal court's previous resolution of a claim on the merits' can be construed as a second or successive petition and forced to face the gauntlet of § 2244(b), no matter how it is labeled.").

[66] *Gonzalez,* 545 U.S. at 532 n.4 (explaining that "on the merits" in this context refers to a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)," and "[w]hen a movant asserts one of those grounds (or asserts that a previous ruling regarding one of those grounds was in error) he is making a habeas corpus claim," but "[h]e is not doing so when he merely asserts that a previous ruling which precluded a merits determination was in error-for example, a denial for such reasons as failure to exhaust, procedural default, or statute-of-limitations bar.").

[67] 28 U.S.C. § 2244(b)(3)(A).

[68] *See Gonzalez*, 545 U.S. at 530 (citing 28 U.S.C. § 2244(b)(3)).

successive habeas petition.[69]  If Peck's Rule 60(b) motions are the equivalent of second or successive petitions, this court lacks jurisdiction to consider them absent a certificate from the Ninth Circuit authorizing the filing of a second or successive petition.[70]

Peck's motions incorporate his application for a certificate of appealability filed in the Ninth Circuit.[71]  His allegations in that application allege that reasonable jurists could disagree with my resolution of the merits of Grounds 1–4 and 6 of his third amended petition.[72]  Because those allegations attack my prior resolution of his claims on the merits, they are successive,[73] so this court lacks jurisdiction to entertain them.[74]  Peck makes additional allegations in his motion that, as illustrated below, attack my prior resolution of his claims on the merits of Grounds 1-4 and 6 of his petition, and allege new grounds for relief.[75]

### 1.    *Ground 1*

Peck alleges that I committed errors of law and fact—and also fraud—when deciding Ground 1 of his petition, in which he alleged due-process violations based on pre-indictment and pre-trial delay.[76]  His claims that I erred when finding that he did not show prejudice stemming from a tactical or reckless delay by law enforcement because I overlooked his best witness (an alleged police officer who could allegedly provide Peck with an alibi for the time of the offense)

---

[69] *See Gonzalez*, 545 U.S. at 530–32.

[70] *See* 28 U.S.C. § 2244(b)(1); *Cooper v. Calderon*, 274 F.3d 1270, 1274–75 (9th Cir. 2001).

[71] ECF No. 169 at 1–2, 9–53.

[72] *Id.*

[73] *See Banister*, 590 U.S. at 517–18 (citing *Gonzalez*, 545 U.S. at 532).

[74] *See* 28 U.S.C. § 2244(b)(1); *Cooper*, 274 F.3d at 1274–75.

[75] ECF No. 169 at 2–6; ECF No. 179 at 1–8.

[76] ECF No. 169 at 2–3.  *See* ECF No. 160 at 14–29.

died before Peck's trial.[77] He argues that my ruling is based on an incorrect standard that is contrary to law.[78] He maintains that the State admitted the delay in prosecuting him was its fault, not Peck's,[79] and that the state court held him to an impossible standard and put him in a catch–22 situation because he could not prove his alibi due to the State's delay in prosecution.[80] These allegations attack this court's resolution of Ground 1 on its merits,[81] so they are barred as successive.[82]

### 2. Ground 2

Peck alleged in Ground 2 of his petition that he did not unequivocally, knowingly, voluntarily, and intelligently, waive his right to counsel,[83] He now argues that I ignored the prosecutor's "flagrant misconduct" in failing to inform Peck that the victim identified his voice before Peck waived his right to counsel and chose to represent himself at trial.[84] He claims this court's determination on Ground 2 was a "clear mistake" and an "error of law and fact" and that he was denied discovery and time to prepare a defense, along with effective assistance of counsel, or counsel at all, and that he is innocent.[85] The allegation of innocence is a brand-new claim, but the rest of these allegations attack my previous resolution of Ground 2 on its

---

[77] *Id.*

[78] *Id.*

[79] *Id.*

[80] *Id.*

[81] *See Gonzalez*, 545 U.S. at 532.

[82] *Id.*

[83] *See* ECF No. 160 at 29–40

[84] ECF No. 169 at 3.

[85] ECF No. 179 at 4.

merits.[86]  So the allegations in this Rule 60(b) motion related to Ground 2 are barred as successive.[87]

### 3.	*Ground 3*

In Ground 3, Peck alleged that he was denied due process because the trial court denied him adequate time to prepare his defense.[88]  Peck argues in his Rule 60b) motion that this court clearly erred in its resolution of Ground 3,[89]  He bases this allegation on the arguments contained in the application for a certificate of appealability that was denied by the Ninth Circuit.[90]  In the application for a certificate of appealability, Peck argued that my procedural ruling was incorrect.[91]  On Ground 3, I first applied deferential review to the state court's determination that the claim was procedurally defaulted and concluded that the state court's decision was based on an unreasonable determination of fact.[92]  I then applied de novo review to the claim and concluded that Peck failed to establish prejudice to overcome the default.[93]  Finally, applying de novo review to the merits of the claim, I alternatively ruled that Peck did not demonstrate that the failure to grant a trial continuance was fundamentally and constitutionally unfair.[94]  Thus, my rulings on Ground 3 did not preclude a determination on the merits.  Accordingly, Peck's

---

[86] *See Gonzalez*, 545 U.S. at 532.

[87] *Id.*

[88] *See* ECF No. 160 at 41–48.

[89] ECF No. 169 at 3.

[90] *Id.*

[91] *Id.* at 36–41.

[92] ECF No. 160 at 45–46.

[93] *Id.*

[94] *Id.* at 48.

allegations attack my previous resolution of the claim in Ground 3 and are barred as successive.[95]

### 4. Ground 4

Nex, Peck attacks my ruling on Ground 4 of his petition, in which he alleged that he was denied due process based on the admission of unduly suggestive voice-identification evidence[96] because it was "manifestly unjust" based on the arguments contained in the application for a certificate of appealability.[97] This argument is a clear attack on my resolution of this claim[98] and is thus barred as successive.[99]

### 5. Ground 5

Peck does not make any allegations that I erred with respect to my rulings for Ground 5,[100] in which he alleged that appellate counsel was ineffective for failing to argue on appeal that the prosecution engaged in misconduct by not disclosing the voice identification prior to trial in violation of his Sixth Amendment rights.[101] I dismissed that ground as untimely. Peck's Rule 60(b) motion does not challenge that ruling. Instead he alleges prosecutorial misconduct as it relates to Ground 2, arguing that the prosecutor "stood mute" and failed to disclose the voice identification at the hearing on his request to self-represent at trial, and that the prosecutor's failure to divulge that information at that time prejudiced him by affecting his decision to waive

---

[95] *See Gonzalez*, 545 U.S. at 532.

[96] *See* ECF No. 160 at 48–53.

[97] ECF No. 169 at 3.

[98] *See Gonzalez*, 545 U.S. at 532.

[99] *Id*.

[100] ECF Nos. 169, 179.

[101] ECF No. 97 at 26–29; ECF No. 128 at 8–9.

counsel.[102]  Peck's Rule 60(b) motions do not advance a claim related to my procedural ruling dismissing Ground 5 as untimely.[103]

### 6.      *Ground 6*

Peck makes several allegations related to Ground 6 of his petition,[104] in which he alleged that the State knowingly used false evidence to convict him, i.e., the State's criminalist testified falsely when he agreed with the prosecutor that PCR is "almost like growing the DNA" because PCR uses synthetic replicas of DNA, not replicas of natural DNA.[105]  Peck now argues that it was an error of fact and law for this court to ignore that the respondents never raised the affirmative defense of procedural default in their answer or their motion to dismiss.[106]  For Ground 6, I gave deferential review to the state court's determination that the claim was procedurally defaulted, which the respondents raised, by citing to the state court's determination, in their answer.[107]  I also ruled that the claim in Ground 6 would not survive de novo review on its merits.[108]  Because I addressed the merits of Ground 6, my procedural rulings did not preclude a determination of the merits.[109]

---

[102] ECF No. 169 at 3 (referring to pages 21–27 of his application for a certificate of appealability attached to his motions, which corresponds to ECF No. 169 at 30–36 concerning his claim in Ground 2 of the petition).

[103] *See Gonzalez*, 545 U.S. at 532 & n.4.

[104] ECF No. 169 at 3–5.

[105] *See* ECF No. 160 at 53–58.

[106] ECF No. 169 at 3–4.

[107] ECF No. 160 at 53–58.

[108] *Id*.

[109] *See Gonzalez*, 545 U.S. at 532 & n.4.

Peck adds that I committed additional error with respect to Ground 6 when I ruled that he failed to show how the DNA evidence was mischaracterized.[110]  He argues he has shown by clear and convincing evidence that the jury's verdict was obtained through fraud, misrepresentation, or misconduct.[111]  He contends that PCR physically alters the DNA and is patent eligible,[112] and that PCR analysis is analysis of synthetic, not a natural sample, of DNA.[113] He argues this Court erred in its determination that he did not show the state's characterization of the DNA evidence was false because he alleges that, contrary to what the jury was told, the respondents admitted it was false in their answer to his petition when they stated the DNA evidence was "in reality, just a reliable 'investigative method.'"[114] He asserts that the respondent's statement in its answer constitutes new evidence under Rule 60(b)(2) that shows extrinsic fraud perpetrated upon the court.[115]

The respondent's answer to the petition is not newly discovered evidence of fraud perpetrated on the court because the respondent's statement in its answer existed when Peck submitted his reply brief and when I resolved Peck's petition.[116]  I note that the respondents' statement, in the context of the answer, does not admit the evidence presented to the jury was false.[117]

---

[110] ECF No. 169 at 4.

[111] ECF No. 179 at 3.

[112] ECF No. 169 at 3.

[113] ECF No. 179 at 4.

[114] *Id*. at 2–3.

[115] *Id*.

[116] *See* ECF Nos. 135, 141.

[117] ECF No. 179 at 7 (citing ECF No. 135 at 15, lines 17–18).  However, the respondents' argument, in context, states:

16

Peck also asks that I take judicial notice of an excerpt from a 1995 hearing transcript in a Minnesota District Court case, which he alleges is evidence the judge in that case had a background in biology and perpetrated a fraud that PCR produces human DNA.  This, he claims, is new evidence.[118]  Even if this were something that this court could or would take judicial notice of, it's not new evidence because it existed at the time Peck argued the merits of his petition.  Because Peck's allegations in this new motion merely attack my previous resolution of Ground 6 on its merits,[119] they, too, are barred as successive.[120]

Peck raises many additional arguments attacking my resolution of the claims in Ground 6, all of which are barred as successive.  He claims that he was never afforded an opportunity to show all the ways that PCR-STR-CCN is totally unreliable and outright false, he did not receive a fair trial, and if a new test were conducted, the evidence would be inadmissible.[121]  He argues that I ignored Linda Brown's testimony that she transported the evidence several times and that the assertion that the evidence went from the vault to Rene Romero is false and an error of

---

There is no reasonable likelihood that the jurors found Peck guilty because they believed the criminalists analyzed a natural sample instead of a synthetic sample. *See Giglio*, 405 U.S. at 154.  It is much more likely that the jurors convicted Peck because they believed the PCR process was a reliable investigative method.  Riolo testified the process is also used in microbiology for cloning.  ECF No. 107-25 at 14.  Using PCR for cloning would unmistakably inform the jurors that the process is not natural, but synthetic.  By describing the process as replicating or duplicating DNA and stating that the process is used for cloning, Riolo's testimony as a whole shows the prosecution did not knowingly use false or perjured testimony to convict Peck.

ECF No. 135 at 15, lines 15–22.

[118] ECF No. 169 at 4–6; ECF No. 179 at 2–4 (citing ECF No. 135 at 15 and ECF No. 169 at 55–56).

[119] *See Gonzalez*, 545 U.S. at 532.

[120] *Id.*

[121] ECF No. 169 at 4.

17

fact.[122] He claims that there was fraud perpetrated during his trial because the DNA was misrepresented as his DNA and the forensic PCR was falsely referred to as producing human DNA, rather than truthfully as synthetic DNA, and this kind of fraud has been perpetrated in other court cases.[123] He argues that he has shown by clear and convincing evidence the verdict was obtained through fraud, misrepresentation, or misconduct,[124] that the entire country has been misled about the nature of the PCR evidence and, if the truth were told, PCR evidence would be inadmissible, irrelevant, and unreliable.[125] These allegations attack my previous resolution of the claim in Ground 6 on its merits.[126] So they, too, are barred as successive.[127]

In his reply brief, Peck cites to *Kemp v. United States*, in which the Supreme Court ruled that under Rule 60(b)(1), a "mistake" encompasses "any 'misconception,' 'misunderstanding,' or 'fault in opinion or judgment' as well as errors 'of law or fact.'"[128] Peck argues that I made "clear mistakes," "clear error," and errors of "fact and law," and that there was "fraud upon the court."[129] But these alleged errors consist entirely of arguments disagreeing with my rulings on the merits of his claims in his petition.[130] The Supreme Court's ruling in *Kemp* does not affect the outcome of Peck's Rule 60(b) motions as Peck does not raise a legal error, "mistake,"

---

[122] *Id.*

[123] *Id.* at 4–5.

[124] ECF No. 179 at 3.

[125] *Id.* at 7–8.

[126] *See Gonzalez*, 545 U.S. at 532.

[127] *Id.*

[128] *Kemp v. United States*, 596 U.S. 528, 534–35 (2022).

[129] ECF No. 169 at 3–6; ECF No. 179 at 2–8.

[130] ECF No. 169 at 3–6; ECF No. 179 at 2–8.

"misconception," "misunderstanding," or "fault in opinion or judgment" relating to a previous *ruling that precluded a determination on the merits.*[131]

Finally, Peck contends that he is entitled to relief under Rule 60(b)(6) because he has not received fair process, was denied a defense at trial, was deprived discovery and time to prepare, was forced to proceed with standby counsel who stated he "would see Peck convicted," the state court removed pages from his opening brief containing claims of extrinsic fraud and fraud upon the court, the state court erred by ruling that Peck never moved for a continuance while proceeding *pro se*, the clerk of the state court failed to mail him a transcript, and at the federal level, his rights were totally disregarded due to the bias of this court.[132]  He claims that he is innocent, a victim of a Kangaroo Court, that he made a prima facie claim of actual innocence, that he deserves a fair trial, that he was prevented from fully and fairly presenting his case, and the evidence was misrepresented to the jury.[133]  But these theories, too, seek to relitigate the court's rulings on his claims in the petition and are barred as successive.  And to the extent Peck claims actual innocence, this is a brand-new claim because he did not raise a free-standing actual-innocence claim in his petition.[134]

Because Peck's Rule 60(b) motions constitute an improper attempt to raise new claims or re-litigate this court's prior rulings on the merits of his claims in his petition, they constitute second or successive petitions, and the law requires me to dismiss them because I lack jurisdiction to entertain the claims contained in them.[135]

---

[131] *See Gonzalez*, 545 U.S. at 532 & n.4.

[132] ECF No. 179 at 5–6.

[133] *Id*. at 6–7.

[134] *Id*. at 4, 6-7.

[135] *See Gonzalez*, 545 U.S. at 532.

19

**E.    Referral of Second or Successive Petitions to Ninth Circuit**

Ninth Circuit Rule 22-3(a) states, in pertinent part, that "[i]f a second or successive petition or motion, or an application for authorization to file such a petition or motion, is mistakenly submitted to the district court, the district court shall refer it to the court of appeals." To the extent that Peck's second or successive petitions were "mistakenly submitted" to this court, this rule requires me to refer them to the Ninth Circuit Court of Appeals. I therefore simultaneously deny and dismiss Peck's Rule 60(b) motions and refer them to the Ninth Circuit for consideration as such.[136]

**F.    Denial of Certificate of Appealability**

A petitioner must first obtain a certificate of appealability ("COA") to appeal the dismissal of a habeas petition.[137] The COA requirement extends to successive habeas petitions that are disguised as Rule 60(b) motions.[138]  As a result, petitioners must obtain a COA in order to appeal a determination that his Rule 60(b) motion is actually an unauthorized successive § 2254 habeas petition.

If a court does not reach the merits of a petitioner's claims, a COA may issue only if the petitioner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[139]  I am aware that I "must

---

[136] *See, e.g.*, *Passalacqua v. McDonald*, 2018 WL 11267398, at *3 (C.D. Cal. Aug. 31, 2018); *Cielto v. Hedgpeth*, 2014 WL 1801110 (C.D. Cal. Apr. 23, 2014).

[137] 28 U.S.C. § 2253(c)(1).

[138] *Jones v. Ryan*, 733 F.3d 830, 832 n.3 (9th Cir. 2013) (citations omitted) (finding that 28 U.S.C. 2244 governs appeals of successive habeas petitions brought as Rule 60(b) motions).

[139] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

resolve doubts about the propriety of a COA" in Peck's favor.[140]  I have no doubt that reasonable jurists would not find it debatable that Peck's 60(b) motions are successive habeas petitions. Consequently, this matter is not "adequate to deserve encouragement to proceed further,"[141] and I deny a certificate of appealability.

**Conclusion**

**IT IS THEREFORE ORDERED** that:

1.  The motion to withdraw as attorney for the petitioner **[ECF No. 171] is DENIED** as moot.  But because the Ninth Circuit granted Attorney Amelia Bizzaro's motion to withdraw, **the Clerk of Court is directed to reflect that Bizzaro has been terminated as counsel and that Peck is self-representing again.**

2.  Petitioner's motion for enlargement of time to file a reply brief in support of his Rule 60(b) motions **[ECF No. 178] is GRANTED** and the reply brief [ECF No. 179] is considered timely.

3.  Petitioner's motions regarding recusal of judge **[ECF Nos. 168, 175] are DENIED.**

4.  Petitioner's Rule 60(b) motions to correct errors of law and fact, and fraud **[ECF Nos. 169, 170] are construed as unauthorized second or successive petitions and DISMISSED.**

5.  In accordance with Ninth Circuit Rule 22-3(a), **this court refers the Rule 60(b) motions [ECF Nos. 169, 170] to the U.S. Court of Appeals for the Ninth Circuit** for consideration as an application for leave to file a second-or-successive habeas petition.  The Clerk of Court is directed to send a copy of the Rule 60(b) motions

---

[140] *Jennings v. Woodford*, 290 F.3d 1006, 1010 (9th Cir. 2002) (citing *Lambright v. Stewart*, 220 F.3d 1022, 1025 (9th Cir. 2000) (*en banc*)).

[141] *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).

**[ECF Nos. 169, 170]** to reopen the action **and a copy of this Order to the Clerk of the U.S. Court of Appeals for the Ninth Circuit**.

6. The Clerk of Court is directed to provide the petitioner with the form recommended by the Ninth Circuit for filing an Application for Leave to File Second or Successive Petition Under 28 U.S.C. § 2254.

7. A certificate of appealability is **DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
April 7, 2026

22